Nickolay, Appellant, *v.* Hudson Coal Company.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Thomas L. Kennedy, Jr.,* for appellant.

*Francis D. Mahon,* with him *R. S. Houck,* for appellee.

OPINION BY RENO, J., July 15, 1949:

The indubitable, admitted and adjudicated fact is that appellant is totally disabled by anthraco-silicosis.

The referee awarded compensation under the Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1401, et seq. The board, the court below affirming, denied compensation for the sole reason that appellant had not given notice of his disability within the 90 day period prescribed by §311, 77 PS §1411.

That section, so far as here pertinent, provides that "the employe or someone in his behalf . . . shall give notice of disability . . . and unless such notice be given within ninety days after the beginning of disability no compensation shall be allowed." Construing the section, we have held that the prescribed period runs "from the time the employee is disabled and definitely *knows* he is disabled *by the occupational disease*": *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 234, 42 A. 2d 280.

In the instant case, notice was given on December 11, 1946. Did appellant definitely know that he was totally disabled by anthraco-silicosis at any time prior to September 11, 1946?

The referee found inter alia: "7. In December, 1946, Dr. Shuman first told the claimant that he was totally disabled by anthraco-silicosis. . . . 9. On December 5, 1946, the claimant became totally disabled by anthraco-silicosis. He has been contracting this disease of anthraco-silicosis for more than five years prior to the last date of his employment in the mines." The board vacated the referee's ninth finding and for it substituted: "Ninth. On June 29, 1946, the claimant became totally disabled by anthraco-silicosis. He has been contracting this disease of anthraco-silicosis for more than five years prior to the last date of his employment in the mines." The referee's seventh finding was not disturbed. As a consequence we have two final findings; one from which may be inferred that appellant first learned of his total disability in December, 1946, and another, which ap-

pellee insists, carries the implication that appellant was aware of his condition in June, 1946.

Under the *Roschak* case the important and crucial date is the one when appellant definitely knew he had become totally, not partially, disabled. This factor cannot rest upon an implication. We are dealing with a statute which must be liberally construed to effectuate its remedial and humanitarian purposes, and a claimant can be debarred from its benefits only by a finding of fact which definitely and *expressly* excludes him. If the board was not satisfied with the referee's finding that appellant was told of his condition in December and could not draw from it the inference that December was the time when appellant definitely knew he was totally disabled it should have by a proper finding established the time when appellant first learned of the fact.

The judgment must be reversed and the record remitted for further hearing, consistent findings, and particularly for an express finding of the time when appellant learned of his condition. The credibility of the witnesses and the weight of the evidence is for the board, and we never invade its province. Yet it is allowable to point out that while June 29 is the date when appellant discontinued work for appellee, that circumstance standing alone will not support the conclusion that appellant then knew his condition. His and Dr. Shuman's testimony point to December as the decisive date, and they have not been contradicted. The board is not required to accept even uncontradicted evidence. But it must be considered, and it cannot be capriciously disregarded. The reasons assigned for rejecting appellant's evidence do not seem convincing. Nor does the decision of the board touch upon or discuss the real and most significant factor in the claim, and its conclusion of law does not decide when appellant became conscious that he was totally disabled by anthraco-silicosis.

The judgment is reversed, and the record is remitted to the court below with directions to remand it to the board for further proceedings not inconsistent with this opinion.