Tracey *v.* M. & S. Coal Company, Inc., Appellant.

Argued September 28, 1949. Before Rhodes, P. J., Hirt, Dithrich, Ross, Arnold and Fine, JJ. (Reno, J., absent).

*E. Mac Troutman,* with him *Penrose Hertzler,* for appellant.

570

*Thomas L. Kennedy, Jr.,* with him *Thomas B. Noonan,* for appellee.

OPINION BY DITHRICH, J., November 15, 1949:

Claimant in this workmen's compensation case admittedly is totally disabled due to anthraco-silicosis. He had worked most of his life as a miner exposed to a silica hazard. In 1945, when he was about sixty years of age, his employer gave him a lighter job as "topman" tending a conveyor belt in the mine. In that position there was, according to claimant, "plenty of it," meaning dust. The attending physician testified that in the fall of 1946 he tried to impress upon claimant that due to anthraco-silicosis he was "coming to the point where he couldn't work anymore." Claimant, however, continued to work until July 26, 1947, when, he testified, "I didn't have no more wind to work." Notice of his total disability was served on the employer September 17, 1947.

The only question for determination is whether claimant has complied with the requirement of The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1208, as to notice. Section 311, 77 PS §1411, provides:

"Unless the employe or someone in his behalf, . . . shall give notice of disability to the employer liable for compensation under this article, within fourteen days after the disability begins, no compensation shall be due until such notice be given, *and unless such notice be given within ninety days after the beginning of disability no compensation shall be allowed."* (Italics supplied.)

The referee found as a fact that claimant's anthraco-silicosis developed to a point of total disability on July 27, 1947, and awarded compensation. On appeal the decision of the referee was affirmed by the Board and by the court below.

In *Roschak v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280, we held, page 234, that the statute

of limitations begins to run "from the time the employee is disabled and definitely *knows* he is disabled *by the occupational disease*." See, also, *Nickolay v. Hudson Coal Co.*, 164 Pa. Superior Ct. 550, 67 A. 2d 828.

Appellant seeks to escape liability on the ground that claimant was totally disabled in 1945 when he was offered, and accepted, the lighter job as "topman." Were we to uphold appellant's contention we would, in effect, be required to rule that the mere acceptance of a lighter job is to be construed as an admission of disability. This would open the door to evasion of liability by the simple expedient of transferring an unsuspecting disabled employe to a light job and then pleading lack of timely notice. Although the lighter job required less physical effort, it was inside the mine and subjected claimant to the same silica hazard to which he had been subjected as a miner.

As stated in the opinion of the Workmen's Compensation Board: "We cannot subscribe to appellant's contention that claimant was totally disabled for a considerable period of time prior to July 26, 1947. Granted that claimant's employment during that period was of a lighter nature, it does not appear that the job was specially created for him. He performed the duties assigned to him to the best of his ability . . . While the work may have been difficult for him, in his limited physical condition, he is not to be penalized because he continued working . . . He *earned* the wages which he received for the *performance* of his duties. Actual performance up to July 26, 1947 negatives a claim of total disability . . . [prior] to that date. The referee's award was proper and should not be disturbed."

Appellant further contends that claimant not only was totally disabled in 1945 when he accepted the lighter job, but that he knew of his disability in the fall of 1946. This is based on the testimony of claimant's physician on cross-examination that "in the fall of '46 . . . I tried

to tell him . . . [he] was coming to the point where he couldn't work anymore." But as we quite recently said, speaking through RENO, J., in *Nickolay v. Hudson Coal Co.*, supra, page 552, "The credibility of the witnesses and the weight of the evidence is for the board, and we never invade its province."

There being sufficient competent testimony to justify the finding of the referee, affirmed by the Board, that claimant became totally disabled on July 27, 1947, the finding must be affirmed. Notice as of September 17, 1947, within ninety days of the date of the finding of fact as to total disability, is admitted.

Judgment affirmed.