Opinion by
 

 Dithrich, J.,
 

 Claimant, while employed as a miner or a miner’s laborer by defendant, contracted anthraco-silicosis. He was last employed February 5, 1947. He had consulted a physician January 20 of that year and was advised to seek work outside the mine. Being unable to do the work assigned to him he asked his foreman for lighter work, and upon being told that none was available he sought work outside the mine and continued to do so until September 1, when he became so short of breath that he realized he could no longer do work of any kind. It was not until that date that his physician “declare[d]
 
 *505
 
 . . . [him] totally disabled,” although the physician had reached that conclusion on March 6, 1947, after he had received an X-ray report on the man’s condition. He then “told him he couldn’t work” but he “couldn’t put it across to him” that he was totally disabled as a result of anthraco-silicosis until September 1, when claimant became so short of breath that, in his own words, he “couldn’t even go down cellar and take a bucket of coal.” He served notice of his total disability on the defendant on October 20, 1947.
 

 All of the jurisdictional facts required by The Pennsylvania Occupational Disease Act of June 21,1939, P. L. 566, as amended, 77 PS §1401, et seq., were found by the sole fact-finding body, i.e., the compensation authorities, to exist; and there being substantial competent evidence to support the award of compensation in this case, it must be affirmed.
 

 The sole question involved on this appeal is whether notice of claimant’s disability was given to defendant within the period prescribed in §311 of the Act, 77 PS §1411. The pertinent provision of the section is as follows: “. . . the employe or someone in his behalf, . . . shall give notice of disability . . . and unless such notice be given within ninety days after the beginning of disability no compensation shall be allowed.”
 

 In
 
 Roschak v. Vulcan Iron Works,
 
 157 Pa. Superior Ct. 227, 234, 42 A. 2d 280, in construing the section we held that the prescribed period of ninety days runs “from the time the employee is disabled and definitely
 
 knows
 
 he is disabled
 
 by the occupational disease.”
 

 See, also,
 
 Nickolay v. Hudson Coal Co.,
 
 164 Pa. Superior Ct. 550, 67 A. 2d 828;
 
 Tracey v. M. & S. Coal Co., Inc.,
 
 165 Pa. Superior Ct. 569, 69 A. 2d 184.
 

 The referee found as a fact, affirmed by the Board, that claimant became totally disabled on September 1, 1947. Defendant contends that the finding is not only unsupported by the evidence but completely at variance
 
 *506
 
 with it. But viewing the evidence in the light most favorable to claimant, as we are required to do since the finding is in his favor
 
 (Dosen v. Union Collieries Co.,
 
 150 Pa. Superior Ct. 619, 29 A. 2d 354;
 
 Hockenberry v. State Workmen’s Insurance Fund,
 
 133 Pa. Superior Ct. 249, 2 A. 2d 536), we find there is substantial competent evidence to support the finding that claimant gave notice of his disability to his employer within ninety days after he definitely knew that he was totally disabled.
 

 Judgment affirmed.