## Toth v. Berwind-White Coal Mining Company et al.

Before McCann, P. J., and Griffith, J.

*George Jerko* and *Llewellyn E. Lloyd*, for claimant.

*Francis A. Dunn*, for defendants.

GRIFFITH, J., May 22, 1950.—It is admitted that claimant is totally disabled by reason of anthraco-silicosis, and the referee awarded compensation under The Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1401 et seq., and the board affirmed the referee.

Defendants appealed to the court on two grounds: (1) That although the anthraco-silicosis from which claimant is suffering solely and of itself is sufficient to

cause his total disability, yet he is also suffering from hypertension, an unrelated disease, which likewise solely and of itself would be totally disabling, and (2) that claimant failed to give the notice of disability to the employer required by section 311 of The Occupational Disease Act.

It is admitted that the referee was warranted in finding that claimant suffered a sufficient exposure to the anthraco-silicosis hazard. Defendants called no witnesses but relied for its first position on the testimony of claimant's physician, who testified:

"This man presents the following clinical findings, either of which is totally disabling: (1) hypertension, (2) advanced pneumoconiosis (silicosis). . . .

"Q. Doctor, you find that claimant is totally disabled as the result of hypertension, is that right?

"A. That's right.

"Q. You also find that claimant is totally disabled from pneumoconiosis of the silicosis type, is that correct?

"A. That's right.

"Q. Now this silicosis, Doctor, what do you attribute that to?

"A. I would say occupational.

"Q. You say that is due to his occupation as a coal miner?

"A. That's right. . . .

"Q. Is that condition (the hypertension) in any wise associated with the second condition (anthraco-silicosis) of which he suffers?

"A. No.

"Q. Is that condition of itself disabling?

"A. Correct.

"Q. To what degree?

"A. Could be totally disabling.

"Q. Is it your opinion that it would be totally disabling even in the absence of the second condition?

"A. I would think so.

"Q. Now the pneumoconiosis of the silicotic type, is that disabling?

"A. I feel it is, yes.

"Q. In the absence of the hypertension is the degree of silicosis sufficient so that in your opinion it would disable him?

"A. I believe it would.

"Q. So is it correct to say that the claimant is suffering from total disability the result of the combination of then the hypertension and pneumoconiosis of the silicotic type?

"A. Correct."

The effect of the physician's testimony is that claimant is totally disabled as a result of anthraco-silicosis alone and that he is likewise totally disabled as a result of hypertension alone, and that neither the compensable or the noncompensable disease is in any way related to, associated with or attributable to the other.

Section 301(e) of The Occupational Disease Act, supra, provides that:

". . . Compensation shall be payable . . . for total disability . . . caused solely (as definitely distinguished from a contributory or accelerating cause) by . . . anthraco-silicosis . . ."

As we view it, claimant's total disability is caused solely by anthraco-silicosis and the fact that he had another total disability caused solely by hypertension in no way lessens or detracts from the total disability caused solely by the occupational disease. The word "solely" in the act is specifically stated therein to be used as meaning not "contributory or accelerating". In the light of the physician's testimony that the silicosis is alone and of itself sufficient to disable claimant and that this condition is not in any wise associated with the hypertension, it cannot be said that the silicosis is merely a "contributory or accelerating cause" of his

disability. The act does not require claimant to be free of all disease save the silicosis.

The Pennsylvania Occupational Disease Act must be liberally construed to effectuate its remedial and humanitarian purposes: Nickolay v. Hudson Coal Company, 164 Pa. Superior Ct. 550; Hoschak et ux. v. Vulcan Iron Works, 157 Pa. Superior Ct. 227. Certainly it should not be construed to deny compensation to a claimant who worked in the mines for 40 years and who is admittedly totally disabled by reason of anthracosilicosis unless such construction cannot be avoided.

In a death case, Treaster v. North American Refractories Co. et al., 156 Pa. Superior Ct. 567, compensation was awarded even though physical disorders not connected with the silicosis concurrently existed, and the court said that obviously it was not the purpose of the legislature to extend the benefits of the act only to such employes who were free from physical infirmities save the occupational disease. Here, the physical infirmity of hypertension was not even a "necessary condition" of the disability: Kelley v. Pittsburgh Casualty Co., 256 Pa. 1, 7. Nor was the silicosis "irritated" or "advanced" by the hypertension as it was by the inhalation of tetryl powder in Anderson et vir v. Schroeder Monumental Works et al., 159 Pa. Superior Ct. 620, 623.

In Dobash v. Jeddo-Highland Coal Co., 141 Pa. Superior Ct. 62, claimant succeded in setting aside a final receipt and obtaining compensation for injury to a kidney. The court said that claimant's disability was due both to an arteriosclerotic form of heart disease and the kidney disease, only the latter being of traumatic origin. Claimant's physician said "the heart disease is very important here and if he had that *alone* he would be unable to work but he also has a severe kidney disease which of itself *alone* would prevent him from

working also." The facts there were, therefore, quite similar to those in the present case. The court said:

"The kidney ailment being one of two concurrent causes, the presence of other contributing causes does not relieve from liability. Compare Restatement, Torts, Section 432, subsection (2) ; Section 439. 'If two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes. They run together, as the word signifies, to the same end': Herr et ux. v. City of Lebanon, 149 Pa. 222, 226, 24 A. 207."

Appellant relies upon Gausman v. Pearson Co., 284 Pa. 348, 131 Atl. 247, and kindred cases, such as Mudano v. Phila. Rapid Transit Co., 289 Pa. 51, 137 Atl. 104, for the proposition that where an injury may be the result of one or two or more causes, for one of which defendant is liable, the burden is on plaintiff to individuate that one as the proximate cause. The principle of these cases does not apply here where there are two concurrent contributing causes, for one of which defendant is liable. As the present chief justice said in Gorman v. Charlson et al. (No. 1), 287 Pa. 410, 135 Atl. 250, at page 414, " 'where two causes combine to produce injuries a person is not relieved from liability because he is responsible for only one of them.' "

It is true that the purpose of The Occupational Disease Act is to compensate only for diseases caused by employment and an employer is not an insurer of his employe's health generally. It is true, however, even in silicosis cases, that where an employe's disability is unquestionably caused by an occupational disease unassisted by any other infirmity, the broad humanitarian purpose of the act would not be served by denying him compensation merely because he has another nonoccupational disease which of itself is likewise totally disabling. Defendant's appeal can, therefore, not be sustained on the first ground.

Defendant also contends that the notice to the employer required by section 311 of The Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1411, was not given within the statutory period of 90 days after the beginning of disability. With this contention we cannot agree. Claimant was incapacitated from June 18, 1946, and was examined by the physician on August 16, 1946, and was told that he was disabled, but the nature of his disability was not revealed to him then as the physician who examined him wished to check his findings with another physician. On August 18, 1946, he told his mine foreman that he was unable to work because of "trouble in his chest".

The examining physician, having in the meantime had his findings checked by another physician, made a report to the office of the United Mine Workers of America, which represented claimant, dated November 11, 1946, and claimant was called to its office on November 25, 1946, and for the first time was advised that his disability was silicosis. At that time he was advised also to report this fact to his mine foreman and did so on or about that date. The claim petition was filed December 6, 1946. Since the statutory limitation does not begin to run until "the employee is disabled and definitely knows he is disabled by the occupational disease (Tracey v. M. & S. Coal Co., Inc., 165 Pa. Superior Ct. 569, 571; Nickolay v. Hudson Coal Co., supra, and Roschak et ux. v. Vulcan Iron Works, supra), we believe the notice was given to the employer in ample time.

It is true that in his sixth finding of fact, affirmed by the Workmen's Compensation Board, the referee found that "the first notice (August 18, 1946) to the mine foreman was sufficient notice to defendant". The sufficiency of this notice may well be doubted because the examining physician testified that he had not as yet revealed the nature of the disability to claimant and

claimant merely told the foreman that he had "trouble in his chest". However, the referee also found in the same finding of fact, likewise affirmed by the board, "that definite notice was given the foreman on November 25, 1946, that claimant was suffering from silicosis". This was the date on which claimant was first advised of the nature of his disability. This finding, we believe, is supported by competent evidence. Moreover, the claim petition was filed December 6, 1946, or 11 days thereafter. We are satisfied that the testimony supports the conclusion that the first date upon which claimant definitely knew or should know that he was disabled by silicosis was November 25, 1946, and that notice to the employer was given within the statutory period thereafter.

We, therefore enter the following

## Decree

Now, May 22, 1950, after argument and upon due consideration, it is hereby ordered and decreed that the appeal be dismissed, and the findings of fact, conclusions of law and award of compensation be affirmed and approved, and the prothonotary is directed to enter judgment in favor of claimant and against defendants as follows:

Against defendant company, the Berwind-White Coal Mining Company, and Berwind Exchange, its insurance carrier, for compensation at the rate of $9.816 per week, beginning as of June 26, 1946; said payments to be continued until there has been paid to claimant the total sum of $3,200, together with interest at the rate of six percent per annum on accrued compensation from the date it became due and payable, and costs; subject, however, to any future termination, modification, suspension, or reinstatement, justified by the death of claimant, or by a change in the character of his disability, and to liquidation, at any time and from

time to time, for the aggregate of installments then due and unpaid.

Against defendant, the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation, for compensation at the rate of $2.454 per week, beginning as of June 26, 1946; said payments to be continued until there has been paid to claimant the total sum of $800, together with lawful interest at the rate of six percent per annum on accrued compensation from the date it became due and payable, and costs; subject, however, to any future termination, modification, suspension, or reinstatement, justified by the death of the claimant, or by a change in the character of his disability, and to liquidation, at any time and from time to time, for the aggregate of installments then due and unpaid.