Shemanchick *v.* M. & S. Coal Company, Inc., Appellant.

Argued March 21, 1950. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*E. Mac Troutman,* with him *Penrose Hertzler,* for appellant.

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY ARNOLD, J., July 20, 1950:

This is a workmen's compensation case arising out of The Pennsylvania Occupational Disease Act of 1939, P. L. 566, 77 PS Sec. 1201 et seq. The referee disallowed the claim and on appeal the Workmen's Compensation Board set aside the findings, conclusions and order, and remanded the record to the referee for the taking of additional testimony. From this latter order of the board an appeal was taken by the defendant to the court of common pleas, which affirmed, holding that the appeal was from an interlocutory order. The defendant then appealed to this Court. The instant appeal must be quashed.

On the merits the question involved was whether the claimant had given notice to his employer within the ninety day period provided by Section 311 of the Act of 1939, 77 PS Sec. 1411. We have held that the time begins to run "from the time the employee is disabled and definitely knows he is disabled *by the occupational disease.*": *Tracey v. M. & S. Coal Company, Inc.,* 165 Pa. Superior Ct. 569, 69 A. 2d 184. The fact that claimant quit work on a given day, standing alone, will not support the conclusion that he then knew his condition: *Nickolay v. Hudson Coal Company,* 164 Pa. Superior Ct. 550, 67 A. 2d 828. See also *Roschak et ux. v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280; *Coma v.*

*Hudson Coal Company,* 166 Pa. Superior Ct. 503, 72 A. 2d 604.

In the instant case the referee did not determine the day when the claimant first definitely knew that he was disabled by the occupational disease, and made no finding whether claimant had such knowledge prior to the date he consulted his physician on April 5, 1948. The board set aside the referee's findings, conclusions and order of disallowance, and remanded the record to the referee for additional testimony to determine whether "claimant knew or should have known that he was disabled . . . on December 4, 1947, or whether claimant first became aware of . . . [this] fact . . . on April 5, 1948."

This Court has held that where the court of common pleas remands or remits the record to the board for the purpose of taking additional testimony and making new findings (under the Act of 1939, P. L. 520, Sec. 1, as amended by the Act of 1943, P. L. 691, 77 PS Sec. 877), the court's order is interlocutory and any appeal to this Court may be quashed: *Behanna v. Meyers et al.,* 158 Pa. Superior Ct. 208, 44 A. 2d 600; *Radonich v. Pine Hill Coal Company,* 158 Pa. Superior Ct. 636, 45 A. 2d 922; *Davis v. Midvale Company,* 162 Pa. Superior Ct. 171, 56 A. 2d 294.

Under the Act of 1939 (77 PS Sec. 854) "the board may disregard the findings of fact of the referee, . . . and if it deem proper may hear other evidence, and may substitute . . . such findings of fact as the evidence taken before the referee *and the board,* . . . may . . . require . . . and may make such disallowance or award . . . as the facts so founded by it may require." (Italics supplied). Thus the powers of the board as to taking additional evidence are broader than those of the referee. Such additional testimony need not be taken by the board itself or any member thereof. The referee

is the agent of the board and his findings are not made directly to the board but are filed with the bureau, and if unappealed from are the action of the board: *Conley v. Allegheny County et al.*, 124 Pa. Superior Ct. 303, 188 A. 385; *McCauley v. Imperial Woolen Company et al.*, 261 Pa. 312, 104 A. 617; *Jordan v. Merchants Meat Company et al.*, 138 Pa. Superior Ct. 133, 10 A. 2d 72.

In the present case the order of the board was interlocutory only and hence unappealable to the court of common pleas; and likewise interlocutory and unappealable to this Court.

Appeal quashed.