**COLUMBIA PICTURES CORP. et al. v. COOMER.**

Civ. Nos. 743–745.

United States District Court
E. D. Kentucky.

Sept. 1, 1951.

Paxton & Seasongood and Evans L. De-Camp, Cincinnati, Ohio, Harbison, Kessinger, Lisle & Bush and Clinton M. Harbison, Lexington, Ky., Sargoy & Stein and Edward A. Sargoy, New York City, for plaintiffs.

J. Harry Stamper, Lexington, Ky., for defendant.

FORD, Chief Judge.

The plaintiffs are corporate citizens of states other than Kentucky. During the period referred to in this litigation, each of them was engaged in the business of supplying and distributing in interstate commerce films of copyrighted motion pictures

on which they owned or controlled the copyrights. The films were loaned to theaters for exhibitition purposes during a limited period under license contracts prescribing the terms and conditions of the rights granted the licensees.

The defendant, a citizen of Kentucky, is the owner and operator of a motion picture theater in the city of Harlan, Ky.

Separate suits were filed by plaintiffs asserting identical claims against the defendant. This action is a consolidation of the three original suits. Each separate complaint alleges, in substance, that pursuant to license agreements with defendant, made from time to time from January 1, 1942 to the date of filing the complaint, the plaintiff furnished the defendant numerous films of its copyrighted motion pictures and granted him the right to exhibit them in his theater for which exhibition rights the defendant agreed to compensate the plaintiff at rates based upon the gross receipts obtained by defendant from admission charges to such exhibitions, the amounts of which were to be reported to plaintiff by defendant in the manner and at the times provided by the contracts. The defendant is charged with engaging in a plan or scheme to deceive and defraud the plaintiffs by making or causing to be made to them false reports as to the amounts of his gross admission receipts derived from the exhibition of the films covered by the license agreements, and as a result thereof it is claimed that the plaintiffs were fraudulently induced to accept substantially less compensation for the rights granted than the amounts due and were fraudulently induced to subsequently grant defendant similar exhibition rights upon terms substantially less than would otherwise have been charged and received. Each plaintiff seeks recovery of damages claimed to have been sustained as the result of such alleged fraud and deceit.

In addition to denying the charges, the defendant, by his answer, asserts that the price maintenance provisions of the license contracts referred to in the complaints rendered them illegal and in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. Relying upon the principles of public policy declared in Continental Wallpaper Co. v. Louis Voight & Sons Co., 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486, he pleads such illegality as a complete bar to the right of plaintiffs to secure the relief which they seek.

The case is now submitted upon the defendant's motion for summary judgment under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., as to such of the license agreements as contained price maintenance provisions in respect to the charges for admission to defendant's theater during exhibitions of the motion pictures covered by the license agreements.

There is no dispute as to the fact that many of the license agreements referred to in the complaints contained a schedule of admission prices and a provision that during the exhibition period of the motion pictures licensed thereunder the admission charges should be no less than the prices listed in the schedule.

■ The defendant's contention that every such price fixing agreement, standing alone, is a violation of the Sherman Act and illegal *per se* seems untenable in the light of the principles clearly stated by Chief Justice Taft writing for a unanimous court in United States v. General Electric Co., 272 U.S. 476, 47 S.Ct. 192, 71 L.Ed. 362, which was followed by Chief Judge Parker in a unanimous opinion of the Court of Appeals of the Fourth Circuit in Westinghouse Electric Corp. v. Bulldog Electric Products Co., 179 F.2d 139. The principles applicable to license contracts for the use of patents would seem equally applicable to license contracts involving copyrights, and hence under these authorities it seems quite clear that license contracts for the exhibition of copyrighted motion pictures, containing price maintenance provisions for admission to such exhibitions, with nothing more to condemn them, are reasonable and normally adapted to secure to the copyright owner the pecuniary reward to which he is entitled under his copyright monopoly and are not in violation of the Sherman Act nor otherwise illegal.

■ However, a copyright holder, like patentees and other holders of an exclusive

privilege granted in furtherance of a public policy, may not claim the court's protection where he is using his grant to subvert the very policy upon which it rests. Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 494, 62 S.Ct. 402, 86 L.Ed. 363. Thus, where a copyright holder seeks to impose price control upon future sales of an article, after having sold or otherwise divested himself of title to it, so that the article, as such, passed out of the domain of the copyright, as was found in Bobbs-Merrill Co. v. Straus, 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086, and Straus v. American Publishers' Ass'n, 231 U.S. 222, 34 S.Ct. 84, 58 L.Ed. 192, or when such price fixing licenses are found to be a means of extending the copyright monopoly so as to govern the admission price to exhibitions or entertainments which include pictures or features not covered by the copyright, as was found in Interstate Circuit v. United States, 306 U.S. 208, 228, 59 S.Ct. 467, 83 L.Ed. 610, or where price maintenance is shown to constitute a part of a general plan, combination or conspiracy to unreasonably restrain interstate trade and commerce in motion picture films or to monopolize or suppress competition in the exhibition thereof as found in United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160, such price-fixing agreements violate the Sherman Act and are afforded no immunity by the copyright laws. United States v. Paramount Pictures, 334 U.S. 131, 144, 68 S.Ct. 915, 92 L.Ed. 1260.

In support of his motion for summary judgment, the defendant urges that the admissions of plaintiffs, together with the affidavits on file, are sufficient to show that there is no genuine issue as to the fact that the price maintenance contracts herein referred to were made pursuant to and constituted an integral part of a nation-wide conspiracy to monopolize and suppress competition in the distribution and exhibition of motion pictures in which the plaintiffs were engaged. United States v. Paramount Pictures, supra.

One seeking summary judgment assumes an extremely heavy burden where, as here, the ultimate conclusion essential to sustaining his motion must rest entirely upon inferences.

However persuasive the facts disclosed by plaintiffs' admissions may ultimately appear in the view of the tribunal charged with the duty of finding the facts upon the trial of the case, we must bear in mind that in passing upon a motion for summary judgment, it is no part of the court's function to decide issues of fact but solely to determine whether there are issues of fact to be tried. In considering the narrow question thus presented by such motion, as in considering motions for directed verdicts, the court, viewing the evidence from a standpoint entirely different from that of the trial tribunal, should take the view most favorable to the party against whom the motion is directed, giving that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. If, when so viewed, there is a possibility that reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, 105, 106; National Labor Relations Board v. Weirton Steel Co., 3 Cir., 146 F.2d 144; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.

In Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135, 136, the Court of Appeals of the Second Circuit took occasion to suggest that trial judges exercise great care in granting motions for summary judgment, saying "A litigant has a right to a trial where there is the slightest doubt as to the facts".

Opposing affidavits filed on behalf of plaintiffs set out facts which would be competent evidence tending to controvert the conclusion which the defendant seeks to have us reach by inference from the admissions on file.

I am convinced that the duty of the court cannot be discharged by summary adjudication of the issues, as sought by defendant's motion. A trial is essential.

The motion for summary judgment must be denied.

In thus disposing of the motion for summary judgment, collateral questions of law argued by plaintiffs in opposition to it are not reached.

An order will be entered in conformity herewith.