**BLAKENEY v. UNITED INS. CO., Inc.**

No. 1189.

Municipal Court of Appeals for the District of Columbia.

Argued March 3, 1952.

Decided March 24, 1952.

---

1. See Ballinger v. West Publishing Co., supra.

Louis Ginberg, Washington, D. C., with whom Joseph Ginberg, Washington, D. C., was on the brief, for appellant.

William H. Clarke, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiff (appellant here) sued as beneficiary under an insurance policy on the life of her husband, claiming $750.[1] Without answering the complaint defendant filed a motion to dismiss which was later amended to become a motion for summary judgment under Municipal Court Civil Rule 56, which is identical in substance with Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A. The basis of the motion was that the insured had died as a result of a gunshot wound and that under the terms of the policy if death resulted from such cause the beneficiary would become entitled to only one-fifth of the amount of the death indemnity, or $150; that $100 had already been paid to plaintiff and the remaining $50 was being tendered with the motion and that hence defendant was entitled to summary judgment. In support of the motion defendant filed the insurance policy, a photostatic copy of a certificate of death, a death claim signed by plaintiff on the insurance company's form and also a statement of the attending physician (who was the acting coroner).

Appearing in the death certificate is a box called a medical certification reading and filled in as follows:

(a) Hemorrhage Cerebral
. . . . . . . . . . . . . . . . . . . . . . .

Due to (b) . . . . . . . . . . . . . . . . . . . . . .
Due to (c) gun shot wound of head
. . . . . . . . . . . . . . . . . . . . . .

appear the words "Homicide" and "Coroner's Case." After argument on the motion for summary judgment the trial judge announced "that he found the gunshot wound was the primary cause of the death and

---

1. The principal contention in her complaint seems to have been that she was fraudulently induced to sign a paper which may have been a release, but defendant has proffered the amount which would be due plaintiff if the case were decided on defendant's theory; and on the state of the record the question of fraudulent inducement had not been brought to issue when the case was decided.

that the plaintiff could not recover under the policy." He granted defendant's motion for summary judgment.

Appealing from that ruling plaintiff contends that it was error for the trial court to make findings on the motion for summary judgment. The record does not show that the court below determined that there was an absence of a genuine issue of material fact. Instead there was an express finding of fact as to the cause of death. This we must rule was error, for the function of the trial judge on a motion for summary judgment is limited solely to determining *if* there is a genuine issue of material fact; he may not decide facts. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.[2] There the rule was expressly laid down that factual issues are not to be tried by summary judgment procedure and only the existence of a genuine and material factual issue is to be determined; and that once it is determined that there is such an issue summary judgment may not be granted. The opinion also held that in determining the existence of a genuine factual issue doubts are to be resolved against granting of summary judgment.

It is true that there is nothing in the record to controvert the contents of defendant's exhibits; but such exhibits do not in our view resolve *all* doubt as to the *sole* cause of death. If the certificate of death were read by itself the cause of death would perhaps be less open to doubt, for it seems to connect the gunshot wound with the death. But when this is considered together with the physician's statement made out on defendant-insurer's form, we think a "genuine" question is presented as to whether a gunshot wound was *alone* the cause of the cerebral hemorrhage and hence the sole cause of death. Nor do we think the question is concluded by the widow's statement in her claim that a gunshot wound caused her husband's death. This was at best a mere layman's opinion and cannot be accepted as authoritative from a medico-legal standpoint. What actually caused the death of the insured was and is a question to be determined by the testimony of an expert or experts. This can best be accomplished by a trial on the merits, for as the Supreme Court has cautioned, the opinions of expert witnesses should not be withdrawn from the test of cross-examination. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

Testing the correctness of the judgment below by the rules announced in Dewey v. Clark, supra, and also by the rule that a party against whom a motion for summary judgment is directed should be given the benefit of all favorable inferences which may reasonably be drawn in support of her claim,[3] we must rule that summary judgment should not have been granted in this case. We do not overlook the doubtful aspects of plaintiff's case. We simply resolve those doubts in her favor. "A surmise or belief, no matter how reasonably entertained, that a party cannot prevail upon a trial, will not justify refusing him his day in court with respect to material issues which are not clearly shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them." Ford v. Luria Steel & Trading Corp., 8. Cir., 192 F.2d 880, 882.

Reversed.

---

2. To the same effect are Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C. 396, 153 F.2d 647, and Messall v. Efron, D.C.Mun.App., 72 A.2d 694.

3. Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881; Columbia Pictures Corp. v. Coomer, D.C., 99 F.Supp. 481.