Masouskie *v.* Hammond Coal Company, Appellant.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Penrose Hertzler,* with him *E. Mac Troutman,* for appellant.

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY ROSS, J., January 20, 1953:

This is a workmen's compensation case under the Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS sec. 1401 et seq. The compensation authorities made an award, it was sustained by the court below and the employer took this appeal.

The referee, affirmed by the Board, found that the claimant, Frank Masouskie, on *December 19, 1950,* became "permanently totally disabled due solely to anthraco-silicosis after a period of five or more years' exposure". It is not disputed that the claimant is totally disabled. The employer denies liability, however, on the ground that notice was not given to it in accordance with section 311 of the Act, 77 PS sec. 1411, which provides: "Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice of disability to the employer liable for compensation under this article, within fourteen days after disability begins, no compensation shall be due until such notice be given, and unless such notice be given within ninety days after the beginning of disability no compensation shall be allowed." It is admitted that notice of claimant's disability was given on January 8, 1951.

The employer concedes that under the decisions of this Court the ninety-day period begins to run only from the date on which the claimant knew or should have known that he was totally disabled as the result of anthraco-silicosis. *Roschak v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 42 A. 2d 280; *Nickolay v. Hudson Coal Co.,* 164 Pa. Superior Ct. 550, 67 A. 2d 828. It is further conceded that if claimant was not actually or constructively aware of total disability prior

to December 19, 1950, notice given on January 8, 1951 was timely and compensation was properly awarded. It is the contention of the appellant, however, that claimant knew or should have known that he was totally disabled as the result of anthraco-silicosis in June of 1950. This contention is based principally upon the testimony of the claimant relative to a professional call upon a Dr. Dougherty. The claimant testified that in June 1950 he went to Dr. Dougherty "and woke him out of bed and he told me to apply for compensation, that I had miners asthma", and in response to the question by counsel for the employer, "Then at that time you were satisfied in your own mind that you couldn't do any more work?" he answered, "Yes." If this were the only evidence in the case it *might* be argued successfully that the claimant was totally disabled in June 1950 and that he knew it. However, it is our function to examine the *entire record* to determine whether there is substantial evidence to support the findings of the compensation authorities.

The employer introduced no evidence. The claimant testified that he was "laid off" on April 6, 1950, and that about a month prior thereto: "I worked on a slope timbering and the air was very bad. . . . I couldn't do it. The timber was heavy and only three of us so I got sick, I couldn't stand it. I choked with dust, bad air." He was asked on cross-examination, "Do you think you could have done any work after April 6th?" and he replied, "No, I could hardly walk." Immediately thereafter claimant was asked the same question and this time he answered, "Maybe I could, different job but not the job I was doing." The following testimony is found in appellant's cross-examination of claimant: "Q. When did you first know you couldn't do any more work of any kind? A. When I got a cold I don't know how many weeks I got com-

pensation. I got a cold and got very tight in my chest. Q. When was that? A. Sometime in June. Q. In June of 1950? A. Yes. Q. Did you definitely know at that time you had miners asthma? A. No, sir, I didn't. Q. When did you first know you had miners asthma? A. The doctor told me I was getting short of wind. . . . Q. *When did the doctor tell you you had miners asthma?* A. *Sometime in December,* I don't remember; told me to go up to get an X-ray." (Italics supplied) The doctor referred to was claimant's witness, Dr. J. J. Austra, who testified that he first examined the claimant on December 17, 1950 and that he declared him totally disabled on December 19, 1950.

Since the compensation authorities found in his favor, the claimant is to be given the benefit of the most favorable inferences reasonably deducible from the testimony. *Schubert v. Oswald & Hess Co.,* 161 Pa. Superior Ct. 309, 54 A. 2d 113; *Harris v. Meyers,* 160 Pa. Superior Ct. 607, 52 A. 2d 375. According to the testimony, the claimant, after he talked with Dr. Dougherty in June 1950, applied for *unemployment compensation* and received benefits thereunder "until October." From this it is fair to infer that the claimant, when he applied for benefits, considered himself employable and that the unemployment compensation authorities in granting benefits considered him ready, able and willing to accept suitable employment. *Romiski Unemployment Compensation Case,* 169 Pa. Superior Ct. 106, 82 A. 2d 565.

Reading the testimony in the light most favorable to the claimant, as we are required to do (*Hockenberry v. State Workmen's Insurance Fund,* 133 Pa. Superior Ct. 249, 2 A. 2d 536), it is our opinion that the finding of the referee is supported by substantial, competent evidence. Furthermore, as stated by Judge RENO in *Nickolay v. Hudson Coal Co.,* supra, 164 Pa.

Superior Ct. 550, 67 A. 2d 828, at page 552: "We are dealing with a statute which must be liberally construed to effectuate its remedial and humanitarian purposes, and a claimant can be debarred from its benefits only by a finding of fact which definitely and *expressly* excludes him."

Judgment affirmed.