## McCaw v. Algase et al.

*David L. Ullman*, for claimant.
*Frederick L. Fuges*, for defendants.

LEVINTHAL, J., May 28, 1954.—This is a workmen's compensation case under the Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1401. The board, in affirming the referee, disallowed claimant's petition for compensation for the amputation of his right index finger caused by X-ray burns. Claimant appeals to this court from the decision of the board.

Certain facts appear to be undisputed. Claimant, a licensed dentist, had been employed by defendant, an advertising dentist, for over 20 years. Until December

1944 claimant took X-rays as part of his occupation as a dentist. From that date until about the time the present petition was filed in September 1951 he did no X-ray work as such, although he engaged in the general practice of dentistry as an employe of defendant.

Prior to this petition claimant had received two separate compensation awards for the amputation of the middle finger and the ring finger, respectively, of his right hand. Those amputations were caused by X-ray burns. Claimant signed a final receipt acknowledging payment of compensation in accordance with the two prior awards. It is our opinion that the final receipt signed by claimant does not preclude his present claim, since it is for an entirely different loss, to wit, his right index finger, whereas the prior awards were for two other fingers of that hand.

The board decided as a matter of law that petitioner's claim was barred because of the following provision in subsection 2(c) of section 301:

"Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employee was engaged, and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within three years after the date of his last employment in such occupation or industry."

It is to be borne in mind that the act lists as an occupational disease, "Radium poisoning or disability, due to . . . Roentgen-ray (Xrays) in any occupation involving direct contact with, handling thereof, or exposure thereto": Section 108(f). This language appears to cover any number of occupations in which work with X-rays is directly or indirectly involved.

It is apparent that the board properly assumed, although the referee did not expressly find, that the loss

of claimant's finger was caused by X-ray burns. We believe the assumption was proper because that fact was essentially conceded. The board also assumed, with dubious propriety, that claimant's occupation from which his disability arose was the taking of X-rays. This shuts out the possibility that the occupation in this case was the practice of dentistry in which exposure to X-rays taken by others in close proximity to claimant may have been involved. Claimant should be given the opportunity to prove, if he can, that X-ray burns are "peculiar" to the occupation of dentistry as he practiced it until shortly before the filing of this petition. If he can establish that in his practice of dentistry there was exposure to X-ray burns, although he personally did not take the X-rays, he could clearly be entitled to compensation.

This conclusion is in keeping with the policy of our appellate courts of giving this remedial statute a liberal interpretation in favor of claimants. See, for instance, Nickolay v. Hudson Coal Company, 164 Pa. Superior Ct. 550, 552 (1949), where Judge Reno said:

"We are dealing with a statute which must be liberally construed to effectuate its remedial and humanitarian purposes, and a claimant can be debarred from its benefits only by a finding of fact which definitely and *expressly* excludes him."

Also Roschak et ux. v. Vulcan Iron Works, 157 Pa. Superior Ct. 227, 236 (1945) where Judge Dithrich declared:

"The rule is universally accepted that statutes like the one under consideration are to be liberally construed in favor of the employee."

In accordance with the provisions of the act, we hereby remit the record to the board for more specific findings of fact, since the findings of the referee and the board are, in our opinion, insufficient to enable us to decide the questions of law raised by the appeal.

The order of the board disallowing the claim is accordingly reversed, and the record is hereby remitted to the board for more specific findings of fact.