Yost *v.* Susquehanna Pipe Line Co., Appellant.

Argued December 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*E. C. Marianelli,* with him *Leon Schwartz,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY RHODES, J., January 30, 1940:

As this workmen's compensation case must be returned to the Workmen's Compensation Board for further hearing and determination, an extended analysis of the evidence, and a lengthy restatement of well-established legal principles would be of no purpose.

Claimant's deceased husband was employed by defendant as a pipe line walker. On March 6, 1934, he injured the large toe of his right foot by falling while performing his duties. The toe became inflamed and sore that evening. Thereafter he was admitted to a hospital for treatment. Following an operation he died on April 6, 1934. The evidence establishes these facts, and also that notice was given to defendant of the accident.

The referee denied compensation; the board reversed the referee and made an award; the court of common pleas affirmed the board and entered judgment for claimant. Defendant has appealed.

It is in connection with that part of the board's seventh finding of fact, which reads as follows, that confusion and uncertainty arise: "At the time of admission [to the hospital], the decedent had a cold which was aggravated by the anesthesia administered with the operation, causing pneumonia which caused his death on April 6, 1934."

In its opinion the board also stated: "The testimony

of the attending physician shows that the anesthesia administered during the operation upon Yost's toe aggravated a cold and caused the pneumonia which caused his death. Since the anesthesia was made necessary by the accidental injury the death resulted therefrom."

Dr. R. A. Gaughan was the operating surgeon. He testified that deceased was admitted to the hospital on March 23, 1934, with an infected tarsal phalangeal joint of the first toe on the right foot; that the diagnosis made at the time was traumatic bursitis with septicemia; that on March 27th they operated on deceased for an acute intestinal obstruction; that when he came to the hospital he had a cold; that about the time he was operated on he developed broncho-pneumonia; that "from the time he was operated on he ran an elevation of septic temperature until the time of his death"; that septic pneumonia was the underlying cause of death; that the administering of the general anesthesia when deceased was suffering with a cold aggravated his pre-existing condition. The doctor made some reference to an operation on the toe.

The court below and the board in their respective opinions mentioned two operations, one on March 24th and another on March 27th.

The doctor's testimony is not sufficiently definite to show whether there was one operation or two operations on deceased when an anesthetic was administered. We are therefore of the opinion that the record should be returned to the board in order that it may be ascertained as to what operation Dr. Gaughan refers in his testimony, and the relationship of the septic pneumonia, which was the underlying cause of death, to the traumatic bursitis with septicemia with which he was suffering at the time of his admission to the hospital. From the testimony it cannot be determined whether deceased had a cold when he was admitted to the hospital on March 23d, or whether it was a condition subsequently

acquired, and with which he was suffering on March 27th.

The record must be returned to the board in order that facts essential to a correct determination of the claim may be developed by additional testimony. *Peak v. Pennsylvania Railroad Co.,* 121 Pa. Superior Ct. 373, 380, 184 A. 295.

Judgment is reversed, and the record is remitted to the court below with direction that it be returned to the Workmen's Compensation Board for further hearing and determination in accordance with this opinion.