Radonich, Appellant, *v.* Pine Hill Coal Company, Appellant.

Argued December 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. Evans Kephart,* with him *Isadore Krasno* and *P. B. Roads,* for claimant.

*Hopkin T. Rowlands,* with him *Mark E. Lefever,* for defendant.

OPINION BY ROSS, J., March 5, 1946:

In this workmen's compensation case the claimant, Nicko Radonich, filed a petition against the Pine Hill Coal Company for compensation under the Pennsylvania Occupational Disease Act and its amendments (Act of June 21, 1939, P. L. 566, 77 PS secs. 1101-1112).

At the first hearing the referee found that the claimant was totally disabled and awarded compensation. On appeal to the board, the board vacated and set aside the findings of fact of the referee and remanded the record for further hearing, the purpose being to hear testimony from an impartial medical expert and the taking of such additional testimony as might be available. After the second hearing the referee found that the claimant was only partially disabled and disallowed compensation, which was affirmed by the board, and an appeal taken by the claimant to the Court of Common Pleas of Schuylkill County. The court below, being of the opinion that the testimony of the impartial medical expert was contradictory, ordered that the record "be remanded for the purpose of obtaining satisfactory evidence as to the claimant's disability", and both parties have appealed to this court.

The impartial medical expert, Dr. Louis A. Milkman, testified: "A. From the history, physical examination and X-ray studies of Mr. Nicko Radonich, I find he is suffering from anthraco-silicosis, stage two, and that has not reached a degree to produce total disability. He is partially disabled for heavy mining work. Q. What kind of work, Doctor, would you say that he could do? A. He could do some selective light work."

Section 427 of our Workmen's Compensation Act, as amended by the Act of May 27, 1943, P. L. 691, paragraph 1, 77 PS 877, provides: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal."

These appeals are ruled by the decision of this court in *Behanna v. Meyers et al.*, 158 Pa. Superior Ct. 208, 44 A. 2d 600, in which we held that the order of a court below exercising its power under Section 427, supra, is interlocutory and not appealable.

Appeals dismissed.