Lewis, Admrx., *v.* Carnegie-Illinois Steel Corporation, Appellant.

Argued April 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*W. Robert Thompson,* with him *John E. Baily* and *Montgomery & Thompson,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

In this workmen's compensation case the claimant, James Lewis, while employed by the Carnegie-Illinois

Steel Corporation at Monessen, Pennsylvania, was in-jured on June 20, 1933, when a solution of water and muriatic acid splashed into his face and left eye. He was given treatment, was disabled for three days and then continued to work for the employer until December 22, 1937, when the mill was shut down. About the first of April 1938, the claimant lost the sight of his left eye and thereafter on December 13, 1939, filed his claim peti-tion, alleging that the sight of his eye was lost as a re-sult of the accident on June 20, 1933.

The referee found that the petition had been filed more than a year after the accident and, therefore, dis-missed it as being barred by the statute of limitations. On appeal, the board affirmed the action of the referee, but on April 2, 1940, the Court of Common Pleas of Greene County reversed the board and remitted the record to it for further hearing and determination. On March 10, 1943, the referee again disallowed the claim on the ground that it was barred, the board sustained the referee and on November 29, 1945, the court below reversed the board and awarded compensation. On De-cember 5, 1945, a suggestion of claimant's death and sub-stitution of his personal representative was filed.

The Act of June 2, 1915, P. L. 736, article 3, section 315, 77 PS sec. 602, which was in effect at the time of the accident, provides, inter alia, as follows: "In cases of personal injury all claims for compensation shall be for-ever barred, unless . . . within one year after the acci-dent, one of the parties shall have filed a petition as pro-vided in article four hereof." The appellee contends that, as held by the court below, the statutory limitation of Section 315 begins to run when the injury resulting from an accident becomes compensable; and the question be-fore this court is whether the statutory limitation of one year begins to run at the time of the accident or does not begin to run until the injury resulting from the accident has become compensable.

A claim for personal injury arises simultaneously and is complete with the happening of an accident.

Whether or not that claim is sustainable as the result of an accident must first be determined; then follows the question of injury for the purpose of determining the amount of compensation. There may be accidents without compensable injuries but the converse is not true. The accident gives rise to the cause of action and the amount of compensation depends upon the extent of the injury. The statutory limitation in Section 315 applies to the cause of action (the splashing of muriatic acid into the left eye), and not to the extent of injury (the loss of sight of that eye). This court in *Seneca v. Yale & Towne Manufacturing Co.*, 142 Pa. Superior Ct. 470, 16 A. 2d 754, speaking through Judge CUNNINGHAM, stated, "While in the course of his employment . . . the claimant sustained, on August 27, 1937, an accidental injury to his left eye which resulted in the permanent loss of the use of that member. Under the provisions of section 306(c) of our Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927. P. L. 186, 77 PS sec. 513, and in force at the time of the injury, he became vested, under his contract of hiring, with a statutory right to be compensated for the loss of the use of his eye to the extent of sixty-five per centum of his wages during one hundred and twenty-five weeks. His *cause of action arose and became complete* cotemporaneously with the happening of the *accident,* but it could be asserted only in the manner and in accordance with the machinery provided by the Act of 1915 and its applicable amendments." (Italics supplied.)

The limitation in Section 315 is not a pure statute of limitations but one which qualifies the granting of a substantive right by condition as to the time within which action to enforce it may be maintained. *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839. Time is made the essence of the right created and there is no right of action except within the time limitation. The very act which gave to the claimant the right to maintain his action expressly provided that such right

be forever barred unless a claim petition was filed within the time limit. As this court in *Ratto v. Pennsylvania Coal Co.*, 102 Pa. Superior Ct. 242, 156 A. 749, speaking through Judge CUNNINGHAM, at page 247, stated, "We are of the opinion that it was its (legislature's) intent to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation, and that failure so to do should operate as an absolute bar of the right."

The Workmen's Compensation Act is to be liberally construed, but the meaning of clear and unambiguous words used by the legislature cannot be distorted into meaning something entirely different. For us to hold that *accident* means *injury* would require us not to *construe* words used by the legislature but to *distort* them into an entirely different meaning, and such distortion would defeat the purpose of the legislature in limiting the time in which claims might be filed. In *Horn v. Lehigh Valley Railroad Co.*, 274 Pa. 42, 117 A. 409, the Supreme Court, speaking through Mr. Justice KEPHART, stated at page 44, "The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but *to enable employers to know the period of time they could be called upon to respond* for just claims, so that they might not be constantly expecting stale claims of doubtful merit." (Italics supplied.)

It was mandatory upon the claimant in this case to file his claim petition within one year from the date of the accident on June 20, 1933, and, not having done so, compensation must be denied. As stated by Judge RENO in *Mackanitz v. Pittsburgh & West Virginia Railway Co.*, 157 Pa. Superior Ct. 359, at page 364, 43 A. 2d 586, "The courts may not extend the period of repose, ex gratia . . . in aid of a meritorious claimant or to relieve against the hardship of particular circumstances . . ."

Judgment is reversed, and now entered for defendant.