### Davis, Appellant, *v.* Midvale Company.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Maurice S. Levy,* for appellant.

*Martin P. Snyder,* with him *Henry R. Heebner* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY FINE, J., January 8, 1948:

The controversy in this workmen's compensation case had its origin in the filing by Ethel Davis, the claimant and appellant, of a petition to set aside a final receipt. Claimant complains of an order of the court below remitting the case to the board for the purpose of taking additional testimony to determine the extent of partial disability.

The accident occurred on January 25, 1945, when appellant tripped over a piece of casting and twisted her right knee. The compensation agreement for total disability was executed on February 6, 1945, and on October 29, 1945, appellee secured a final receipt. On February 27, 1946, the claimant filed her petition to set aside this final receipt averring that the employer wanted ". . . [her] to sign a supplemental agreement for $15.00 partial disability . . ."; that claimant was asked "to sign the final receipt and the State would then determine how much [she] was entitled to." At the hearing before the referee, the evidence relating to the final receipt required him to set it aside. The employer did not appeal from this finding and that question is not here involved.

Regarding the disability of claimant, the referee, after hearing medical testimony, found that ". . . claimant's condition of total disability continued from October 29, 1945 up to and including the time of the hearing

and may continue for some indefinite time in the future." The employer appealed and the board, considering the case as one of total disability said: "The remaining question as to the amount of claimant's residual disability is raised by indirect allusion in the claimant's petition. It is stressed in the defendant's appeal. It was not, however, treated with sufficient thoroughness at the hearing. The medical testimony introduced through Dr. Owings and the claimant's expert, Dr. Rubin M. Lewis, does make it clear that there is a percentage of limitation of flexion and extension in the injured knee and the opinions expressed do not differ materially on this point. But we find little in the record in the way of evidence that would serve as a basis for the determination of the amount of loss of earning power. Neither did the doctors differ greatly in their idea as to the type of work the claimant could do." The board, however, affirmed the referee even though it concluded the evidence revealed that partial disability existed. On appeal by the employer, the court below said: "Inasmuch as the Board . . . found that both the claimant and defendant's experts 'make it clear that there is a percentage of' disability in this case, we think that the Board should have remitted the case to the referee to take further testimony as to the extent of claimant's partial disability, either from witnesses called by the parties, or from an impartial expert designated by the Board, and should have made its definite finding and award upon such evidence". Claimant appeals from the order of the court below remitting the case to the board.

Section 427 of the Workmen's Compensation Act, as amended by the Act of May 27, 1943, P. L. 691, section 1, 77 PS 877, provides: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal."

This appeal is ruled by the decisions of this Court in *Behanna v. Meyers,* 158 Pa. Superior Ct. 208, 44 A. 2d 600, and *Radonich v. Pine Hill Coal Co.,* 158 Pa. Superior Ct. 636, 45 A. 2d 922, in which we held that an order of a court below exercising its power under Section 427, supra, is interlocutory and not appealable.

Appeal dismissed.