## United Wallpaper Factories, Inc., v. Wagner, State Treasurer

*McNees, Wallace & Nurick,* for petitioner.

*Frank A. Sinon,* for respondent.

RICHARDS, P. J., August 23, 1948.—This is a mandamus proceeding in which plaintiff seeks to compel

defendant to refund taxes said to have been erroneously paid. A stipulation was filed agreeing to a trial without a jury. At the hearing testimony was offered including an agreed statement of facts.

## Facts

Plaintiff filed a report of its liability for franchise tax for the fiscal year ending June 30, 1936. The tax was settled under the Act of May 16, 1935, P. L. 184, as amended, in the amount of $5,797.03. The settlement was made by the Department of Revenue on April 2, 1937, approved by the Auditor General on April 15, 1947, and the tax paid in full on June 11, 1937. During the tax year in question plaintiff maintained a manufacturing plant at York, Pa. It is a Delaware corporation, with no sales office in Pennsylvania, and having its principal office in Chicago. Its tax report assigned to Pennsylvania gross receipts from sales effected from its Chicago office. The taxing officers accepted these figures in computing the tax. After settlement, there was no request for resettlement or review and no appeal.

On January 6, 1941, plaintiff petitioned the Board of Finance and Revenue for a refund of taxes paid as aforesaid, on the theory that they had been erroneously computed. The petition was refused on February 4, 1942.

In the meantime, plaintiff had filed its corporate net income tax report for the fiscal year ending June 30, 1938. This tax was settled in the amount of $1,106.08, and resettled in the amount of $921.40. A petition for review having been refused, plaintiff appealed to this court on November 25, 1940. The parties, of their own volition, stipulated that judgment be entered in favor of defendant therein, showing a tax liability of $660.13 and a credit of $395.51. This stipulation for judgment was predicated upon the exclusion

of gross receipts resulting from sales effected from the Chicago office but previously attributed to Pennsylvania. Plaintiff thus finally persuaded the Commonwealth of the correctness of its contention.

Plaintiff, in view of the stipulated judgment, brought the present mandamus proceeding in an attempt to compel a refund of what it considers the excess tax paid.

The case we have been discussing is entered to no. 4, Commonwealth docket, 1943. There are two companion cases involving the same issues. That entered to no. 5, Commonwealth docket, 1943, relates to corporate net income tax for the fiscal year ending June 30, 1936, and the case entered to no. 6, Commonwealth docket, 1943, relates to the franchise tax for the fiscal year ending June 30, 1947. It is agreed that the determination of no. 4, Commonwealth docket, 1943, shall be controlling of the other two cases.

## Discussion

The law applicable to refunds is found in section 503 of the Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 7, 1935, P. L. 283, and by the Act of May 7, 1943, P. L. 229, 72 PS §503. The pertinent provisions read as follows:

"The Board of Finance and Revenue shall have the power, and its duties shall be,

"(a) To hear and determine any petition for the refund of taxes . . . paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such taxes . . . out of any appropriation or appropriations made for the purpose, or to credit the account of the . . . corporation . . . entitled to the refund. . . . All such petitions must be filed with the Board within two years of the payment of which refund is requested, . . . except . . .

"(4) When any tax . . . has been paid to the Commonwealth, under a provision of an Act of Assembly subsequently held by the Court of final jurisdiction to be unconstitutional, or under an interpretation of such provision subsequently held by such court to be erroneous. In such case, the petition to the board shall be filed within five years of the payment of which a refund is requested. . . ."

Effective from July 1, 1943, the provisions of the aforementioned section 503(a) (4) were amended to read as follows:

"(4) When any tax . . . has been paid to the Commonwealth, under a provision of an Act of Assembly subsequently held by *final judgment of a* court of *competent* jurisdiction to be unconstitutional, or under an interpretation of such provisions subsequently held by such court to be erroneous. In such case, the petition to the board shall be filed within five years of the payment of which a refund is requested. . . ."

It is admitted that the petition for refund was not filed within two years as provided by paragraph (a), supra. It is likewise admitted that no determination of any kind was made by a court declaring the taxing statute involved to be unconstitutional. Plaintiff predicates its entire case upon the theory that the judgment entered by stipulation, covering its 1938 corporate net income tax was a holding by the court that the tax was paid under an interpretation of the statute which was erroneous; that such judgment is at least equivalent to a determination that the settlement of its 1936 franchise tax was made under an erroneous interpretation of the applicable law; that as a consequence, its petition for a refund was filed within the five-year period provided by law, and that defendant had jurisdiction to entertain and act upon said petition.

Before discussing the merits of the case, we will observe that the gross receipts fraction, employed to

determine the tax liability of a foreign corporation authorized to do business in Pennsylvania, is the same in the Franchise Tax Act and in the Net Income Tax Act. Both would exclude from the gross receipts fraction sales effected from an office outside the State. It is in this respect that the judgment entered on the 1938 net income tax is pertinent to the 1936 franchise tax.

The effective provision of the law relating to refunds at the time defendant petitioned therefor in the present case was the Act of 1935, supra. Paragraph (4) permitted a petition for refund within five years, provided that the court of *final* jurisdiction found that the interpretation of the act involved was erroneous. Counsel for plaintiff states the issue to be "whether the interpretation of the Franchise Tax Act determined to be erroneous subsequent to the payment with which we are herein concerned was so determined by the 'court of final jurisdiction'." A similar averment appears in the seventh paragraph of the petition for mandamus, although different language is used in the fourteenth paragraph.

We can conceive of no theory which would make the entry of the judgment in question a holding of a court of *final jurisdiction*. This court has jurisdiction of tax appeals and, in proper cases, of mandamus proceedings relating to tax refunds. But it is not "the court of final jurisdiction" in such matters. Were this the only aspect of the case, we would be obliged to dismiss the action.

Counsel have not argued whether paragraph (4) of the Act of 1935, or the corresponding paragraph of the Act of 1943, is controlling. Both provisions are quoted above. However, in our opinion, the language used in the 1943 act precludes the conclusion that the judgment entered by stipulation is a "final judgment of a court of competent jurisdiction". This court de-

cided nothing whatever with reference to the tax appeal in which the judgment was entered. The case was never tried. No argument was heard. The court decided no issues. It filed no opinion. It entered no judgment. It did not even approve of the judgment entered. The judgment entered by stipulation was never submitted to the court. It may well be that had the case been tried, the court would have arrived at the same conclusion as the parties. But the fact remains that the court had absolutely nothing to do with the appeal or the judgment. It is our conclusion that the words "final judgment of a court of competent jurisdiction" require some action by the court as such. Judgments by confession, by agreement, by consent, by stipulation and the like, which are entered without any court approval, may be perfectly good judgments, but they represent no "holding" by the court; see Platt et al., 347 Pa. 27, particularly pages 33 and 34. On this aspect of the case, therefore, the Act of 1943 is of no assistance to plaintiff.

Defendant's counsel has ably and forcibly argued that the five-year periods mentioned in both the Acts of 1935 and 1943 are not strictly speaking pure statutes of limitation, but special statutory limitations qualifying the right to a refund. He refers to numerous cases including Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38, 45, and Lewis v. Carnegie-Illinois Steel Corp., 159 Pa. Superior Ct. 226, 228, 229. We are strongly inclined to agree with him but refrain from discussing this phase of the case because of the conclusions stated above.

We may add that we have read with care the authorities quoted by counsel for plaintiff relating to the effect of consent judgments and other judgments of similar nature. We are in accord with much that has been said but consider them to be inapposite here.

## Conclusions of Law

1. The entry of judgment by stipulation of the income tax liability of plaintiff for the year 1938 was not a holding by a court of final jurisdiction, or by a court of competent jurisdiction, that the tax had been settled under an interpretation of the statute which was erroneous.

2. The petition for refund of the 1936 franchise tax of plaintiff was not filed with the Board of Finance and Revenue within the period prescribed by law.

3. The mandamus proceedings instituted by plaintiff, and entered to nos. 4, 5 and 6, Commonwealth docket, 1943, should be dismissed.

## Order

And now, to wit, August 23, 1948, the mandamus proceedings instituted by plaintiff and entered to nos. 4, 5 and 6, Commonwealth docket, 1943, are hereby dismissed at the cost of plaintiff.