Wilk *v.* The Budd Company, Appellant.

Argued October 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Alexander F. Barbieri,* for appellant.

*Matthew Kramer,* with him *Otto Kraus, Jr.,* and *Daniel 4. Levy,* for appellee.

OPINION BY WRIGHT, J., November 11, 1953:

This is a workmen's compensation case. In his claim petition appellee alleged two accidents, the first when he slipped and fell while piling steel in March 1947, and the second when he slipped and fell while lifting heavy bundles on February 13, 1951. He alleged injury to the fourth and fifth lumbar discs requiring laminectomy. Both the Referee and the Board found as a fact that appellee did have the second accident on February 13, 1951, but refused compensation on the ground that the disability was caused by the first accident. The testimony discloses that, following the accident in 1947, appellee reported to the company dispensary, complaining of pain in his hip and lower back. X-rays were taken, which he was told were negative, and he remained at work without making a claim for compensation. The pains persisted from time to time, although they did not prevent appellee from working. In 1949, he consulted a specialist, Dr. James M. Eaton, who recommended x-ray studies of the spine and lower back. The record does not disclose that these x-rays were ever made.

Appellee continued working until the occurrence on February 13, 1951, as a result of which the present proceeding was instituted. Appellee reported the second fall to his foreman and to the doctor in charge of the company infirmary. The doctor examined the x-rays taken in 1947 (after the first accident) and told appellee that they showed no evidence of any injury, and that there was "nothing he could do about it". He advised appellee to see his own doctor. On February 13, 1951, appellee again consulted Dr. Eaton who hospitalized him, removed a ruptured fifth lumbar vertebral disc, and fused the fourth and fifth lumbar vertebrae. Dr. Eaton testified that he received no history of any accident other than the one in 1947 and,

so far as he knew, the injury was caused by that accident.

An appeal was taken to the common pleas court, which reached the conclusion that the testimony was inadequate. The case was referred back to the Board "to take such additional testimony by way of medical testimony or otherwise as may be presented by the parties, or procured by the Board, upon the question of what relation, if any, as a sole or aggravating and contributing cause, the accident, which occurred on February 13, 1951, bore to the claimant's condition of disability theretofore which necessitated his subsequent hospitalization and medical and surgical care and treatment; and to reconsider its decision in the light of such further evidence as it may receive upon said subject". Appellant employer has appealed from this order and requests us to dispose of the case on its merits.

Appellee filed a motion to quash on the ground that the order appealed from is interlocutory. His position is that the court below was acting properly within the power conferred under section 427 of the Workmen's Compensation Act (Act of 1915, P. L. 736, §427, as amended, 77 P.S. §877). It is our opinion that the testimony before the Board was inadequate to enable it to reach a just conclusion. Consequently, the court below correctly ordered that the record be returned to the Board in order that facts essential to a just determination of the claim may be developed by additional testimony: *Yost v. Susquehanna Pipe Line Co.,* 138 Pa. Superior Ct. 502, 10 A. 2d 863.

The situation presented here is different from that in *Rozauski v. Glen Alden Coal Co.,* 165 Pa. Superior Ct. 460, 69 A. 2d 192, principally relied on by appellant. In that case the findings of fact of the Board were supported by competent and substantial evidence

and were therefore binding on the court of common pleas. Since the order of the lower court in the present case was within the power conferred under section 427, supra, it follows that such order was interlocutory and not appealable; *Behanna v. Meyers et al.,* 158 Pa. Superior Ct. 208, 44 A. 2d 600; *Radonich v. Pine Hill Coal Co.,* 158 Pa. Superior Ct. 636, 45 A. 2d 922; *Davis v. Midvale Co.,* 162 Pa. Superior Ct. 171, 56 A. 2d 294.

The appeal is quashed at the cost of appellant.