## Messikomer *v.* Baldwin Locomotive Works et al., Appellants.

538

Argued March 31, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*J. Paul Erwin,* with him *George D. Sheehan,* for appellants.

*Ernest Ray White,* for appellee.

Opinion by Wright, J., July 21, 1955:

This is a workmen's compensation case. The Court of Common Pleas overruled defendants' exceptions to an award made by the Workmen's Compensation Board and entered final judgment in favor of the claimant. Defendants have appealed.

Emil H. Messikomer, husband of claimant appellee, had been employed by Baldwin Locomotive Works for 32 years prior to November 14, 1947. During this entire period he enjoyed excellent health and never lost any time due to illness. He was an industrious worker, almost six feet in height, and weighed 180 pounds. On November 14, 1947, while on a construction job in Minnesota, he slipped and fell, striking his side with sufficient force to cause a fracture of the right eleventh rib. He promptly returned to his home in Philadelphia, where his family physician strapped the ribs and prescribed medicine to relieve the pain. A few days later, the pain persisting, X-rays were taken which disclosed the fracture and also showed an enlargement of the liver. There was no X-ray evidence at that time of cancer or abscess of the lung. Immediately thereafter, decedent suffered severe chills and became a very sick man. During the absence of the family physician, another doctor was called. He found the patient confined to his bed with fever and chills, excessive perspiration, rapid pulse, cough and fluctuating temperature. Additional X-rays were taken which disclosed that, in addition to the fracture, there was an abscess forming on the right side of the lung. The patient was sent to a hospital where, on December 14, 1947, a part of the ninth and tenth ribs were removed and an exploration was made of the lung in that area. This disclosed several abscesses with infec-

tion, inflammation and induration. A specimen of the lung was removed and laboratory studies disclosed the presence of a malignant cancer. After being hospitalized for forty days, the patient was sent home where he remained in bed until his death on March 22, 1948. At the time of his death he weighed 90 pounds. The cause of death given by the attending physician was "carcinoma of the lung, abscess of the lung, due to the fall upon the right side primarily which was the cause of those conditions".

Appellee filed her petition for compensation on June 18, 1948. At the referee's hearing, in addition to lay witnesses, the two physicians testified on behalf of appellee. One doctor, qualifying as an expert, testified for appellants. He stated as his opinion that the accident did not cause the carcinoma or aggravate or accelerate its growth, and that the carcinoma existed before the fall and caused the death without respect to the accident. On February 7, 1949, the referee made an award based upon a finding of fact that the rib fracture "aggravated a carcinoma or abscessed condition of the lung accelerating death". Upon appeal to the Board, the referee's findings of fact, conclusions of law and award were set aside, and the record remanded for the taking of testimony from an impartial medical expert. At a further hearing the impartial expert testified favorably to appellants, and the surgeon who performed the exploratory operation testified favorably to appellee. On August 8, 1951, the referee made a second award, again based upon a finding of fact that the rib fracture "aggravated a carcinomous or abscessed condition of the lung accelerating death". A second appeal was taken to the Board which set aside this finding of fact, and found, instead, that decedent died "as a result of cancer of the lung with secondary pulmonary abscesses and that this condition

was neither caused by nor aggravated by the accident". An appeal to the Court of Common Pleas was sustained on December 23, 1952, and the record was remanded to the Board for further hearing and determination[1]. On April 29, 1953, without further hearing, the Board filed a third opinion stating: "Considering all of the testimony in this case, we cannot say that the referee erred in concluding that the accident of November 14, 1947, aggravated a carcinomatous or abscessed condition of the lung, accelerating decedent's death . . . We, therefore, affirm the referee's findings of fact, conclusions of law and order of award". A second appeal was taken to the Court of Common Pleas where the only question argued was whether the Board had abused its discretion in reversing its former action without further hearing. In a second opinion filed March 17, 1954, the lower court dismissed the appeal and entered judgment in favor of the appellee, stating that the Board was not under a duty to hold a further hearing, and that "in the light of the entire record it was difficult to conceive of any need for additional testimony. All that was required was a reconsideration of the existing record on the basis of the controlling legal principles set forth in our earlier opinion".

Appellants do not here attack the opinion of March 17, 1954. Their sole contention is that the court below erred in its opinion and order of December 23, 1952, and that judgment should have been entered in their

---

[1] In his opinion Judge GUERIN said: "We feel that the Workmen's Compensation Board was in error in concentrating its attention upon the testimony of its impartial witness and defendant's expert witness, ignoring the rest of the testimony, and without finding the specific facts, reaching a conclusion which upon its face indicates failure to consider all the evidence. Sheaffer v. Penn Dairies, 161 Pa. Super. Ct. 583".

favor on the findings of the Workmen's Compensation Board made May 28, 1952. Appellee argues that, since this contention is first raised on the present appeal, we are justified in not considering it, citing *Palermo v. North East Preserving Works,* 141 Pa. Superior Ct. 211, 15 A. 2d 44; *Wilkinson v. United Parcel Service of Pennsylvania,* 158 Pa. Superior Ct. 22, 43 A. 2d 408; *Richards v. Fraim Lock Co.,* 158 Pa. Superior Ct. 414, 45 A. 2d 382; *McDermott v. Sun Indemnity Co. of New York,* 131 Pa. Superior Ct. 60, 198 A. 499; and *Diaz v. J. & L. Steel Corp.,* 170 Pa. Superior Ct. 608, 88 A. 2d 801. But there is a more serious objection to our consideration of the question which appellants have raised.

Ordinarily, an order of the Court of Common Pleas remitting the record to the Board[2] is interlocutory and not appealable: *Gondak v. Wilson Gas Coal Co.,* 148 Pa. Superior Ct. 566, 25 A. 2d 854; *Diaz v. Jones & Laughlin Steel Corp.,* 155 Pa. Superior Ct. 177, 38 A. 2d 387; *Behanna v. Meyers,* 158 Pa. Superior Ct. 208, 44 A. 2d 600; *Radonich v. Pine Hill Coal Co.,* 158 Pa. Superior Ct. 636, 45 A. 2d 922; *Davis v. Midvale Co.,* 162 Pa. Superior Ct. 171, 56 A. 2d 294; *Shemanchick v. M. & S. Coal Co.,* 167 Pa. Superior Ct. 350, 74 A. 2d 764; *Wilk v. Budd Co.,* 174 Pa. Superior Ct. 108, 100 A. 2d 127. However, the lower court has no authority to remand a proceeding to the Board with instructions to find facts in accord with the opinion of the court: *Strickland v. Baugh & Sons Co.,* 139 Pa. Superior Ct. 273, 11 A. 2d 547 (record remitted for further proceedings not inconsistent with court's opinion); *Wellinger v. Brackenridge Borough,* 149 Pa. Superior Ct. 394, 27 A. 2d 716 ("this case is remanded to the Workmen's Compensation Board to find facts in accord with

---

[2] Section 427 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS 877, 879.

the foregoing opinion"); *DeBattiste v. Anthony Laudadio & Son,* 167 Pa. Superior Ct. 38, 74 A. 2d 784 (remitted "for further proceedings not inconsistent with" the opinion). Such an order is erroneous as a matter of law and an appeal may be taken therefrom. An order reversing the Workmen's Compensation Board's decision and remitting the record with directions that an award be made thereon is also final and may be appealed: *Parisi v. Freedom Oil Co.,* 150 Pa. Superior Ct. 260, 27 A. 2d 255; *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 43 A. 2d 616.

Appellants contend that the order of the court below made December 23, 1952, was a "mandate" to the Board to find for the claimant. It is unnecessary to determine whether the order in question improperly directs the Board to make findings in accordance therewith, and to substitute the judgment of the court as to the facts. If such was actually its effect, as appellants contend, the order was final and an appeal should have been taken within the statutory period: *Puskarich v. Puskarich,* 174 Pa. Superior Ct. 581, 102 A. 2d 191. There was competent evidence to support the Board's finding of April 29, 1953, and the lower court in its order of March 17, 1954, properly sustained the award based upon such finding: *Puzio v. Susquehanna Collieries Co.,* 126 Pa. Superior Ct. 488, 191 A. 222. Where the findings of the Board are supported by the evidence, they are binding upon us: *Toland v. Murphy Bros.,* 172 Pa. Superior Ct. 484, 94 A. 2d 156; *Garvin v. Philadelphia Transportation Co.,* 173 Pa. Superior Ct. 15, 94 A. 2d 72.

Judgment affirmed.