Ciabattoni *v.* Birdsboro Steel Foundry and Machine Company et al., Appellants.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*John D. Glase,* with him *Stevens & Lee,* for employer and insurance carrier, appellants.

*C. A. Whitehouse,* Associate. Counsel, with him *Ralph H. Behney,* Counsel, and *Herbert B. Cohen,* Attorney General, for Commonwealth, appellant.

*Mark C. McQuillen,* with him *Angelo J. Baro,* for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

Rinaldo Ciabattoni seeks compensation under the Pennsylvania Occupational Disease Act.[1] On January 4, 1954, he filed a claim petition containing the following averment: "I became totally disabled as the result of silicosis on 22nd day of December 1952". Answers were filed by the employer and by the State Workmen's Insurance Board asserting that, since the action was not brought within one year from the date of disability, the claim was barred by the statute of limitations as set forth in section 315 of the Act.[2] The referee made, inter alia, the following findings: "4. Your Referee finds as a fact that claimant was totally disabled, as a result of silicosis, on December 22, 1952, and did not file a claim for compensation until January 4, 1954. 5. Your Referee finds as a fact that claimant has not filed his Claim Petition within the period provided under the Occupational Disease Act, as amended". The referee therefore disallowed the claim. Upon appeal to the Workmen's Compensation Board the decision of the referee was affirmed. A further appeal was taken to the Court of Common Pleas of Berks County, which

---

[1] Act of June 21, 1939, P. L. 566, 77 PS 1201 et seq.

[2] "In cases of disability all claims for compensation shall be forever barred, unless, within one year after the disability begins, the parties shall have agreed upon the compensation payable under this article, or unless, within one year after the disability begins, one of the parties shall have filed a petition as provided in article four hereof".

tribunal concluded that the statute of limitations did not commence to run until the claimant had knowledge of the reason for his disability, and that there should be an express finding in that regard. The court therefore remitted the proceedings to the Board "for further hearing, findings of fact, and conclusions of law". These appeals followed.

Appellee has moved to quash, citing *Wilk v. Budd Co.,* 174 Pa. Superior Ct. 108, 100 A. 2d 127. In that case the testimony before the Board was inadequate to enable it to reach a just conclusion. We therefore held that an order of the Court of Common Pleas remitting the record to the Board was interlocutory and not appealable. However, the case at bar presents a different situation. Here the order directs the Board to make "an express finding of the time when the claimant became conscious that he was totally disabled by silicosis". The effect of the order was that, if claimant first became conscious of the reason for his disability within one year prior to filing his petition, the Board should make an award, regardless of the date, however remote, upon which the disability actually began. Such order was clearly erroneous as a matter of law, and the appeal was properly taken therefrom. See *Messikomer v. Baldwin Locomotive Works,* 178 Pa. Superior Ct. 537, 115 A. 2d 853.

The question presented by this appeal may be thus stated: Where a claimant becomes totally disabled, but has no knowledge of the fact that his disability is the result of an occupational disease until the limitation of one year set forth in section 315 has expired, is his claim for compensation barred? As previously indicated, we have concluded that this question must be answered in the affirmative.

The court below relied upon our decisions construing section 311 of the Act (77 PS 1411), which pro-

vides that compensation shall not be allowed unless notice is given within ninety days after the beginning of disability. We have consistently ruled that the period prescribed in section 311 runs from the time the employe knows he is disabled by the occupational disease. See *Valent v. Berwind-White Coal Mining Co.*, 172 Pa. Superior Ct. 305, 94 A. 2d 197. However, the reason for our ruling under section 311 does not apply to the provisions of section 315. The statutory limitation upon the time within which a petition may be filed imposes a condition upon the right created by the Act, and makes the filing of the petition within such period mandatory: *Mackanitz v. Pittsburgh & West Virginia Railway Co.*, 157 Pa. Superior Ct. 359, 43 A. 2d 586. While the Act is to be liberally construed, the meaning of clear and unambiguous words used by the legislature cannot be distorted: *Lewis v. Carnegie-Illinois Steel Corp.*, 159 Pa. Superior Ct. 226, 48 A. 2d 120. The time when total disability occurs is the date which begins the running of the period of limitation: *Agostin v. Pittsburgh Steel Foundry Corp.*, 354 Pa. 543, 47 A. 2d 680. The statutory period provided in section 315 may not be extended nunc pro tunc as a matter of indulgence or because of hardship: *Jones v. Philadelphia & Reading Coal & Iron Co.*, 154 Pa. Superior Ct. 465, 36 A. 2d 252. Section 315 is a statute of repose which extinguishes the right, and not merely the remedy: *Reichert v. Pennsylvania R. R. Co.*, 156 Pa. Superior Ct. 213, 40 A. 2d 158.

Claimant now contends that he was not informed by the employer's doctor of the true reason for his condition, and that he was therefore "the victim of a benign deception in part intentional and in part perhaps unintentional". He argues that this "amounted to a fraud" upon him, and that the defense of the statute of limitations should therefore not be available to the

appellants. Reliance is placed upon *Guy v. Stoeck-lein Baking Co.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839, but in that case "the employer had lulled the claimant into the belief that it was unnecessary for him to file a petition for compensation". There is no evidence in this record that appellee "was deceived or misled in connection with filing his claim petition": *Meyers v. Lehigh Valley Transportation Co.*, 138 Pa. Superior Ct. 569, 10 A. 2d 879, or "that the employer or its agent or any authority undertook to do anything which it failed to do": *Rowles v. State Workmen's Insurance Fund*, 141 Pa. Superior Ct. 193, 14 A. 2d 551.

The motion to quash is overruled. The order of the court below is reversed, and judgment is here entered in favor of the appellants.