## Barber, Appellant, *v.* Fleming-Raugh, Inc.

Argued June 20, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William A. Goichman,* for appellant.

*Frederick L. Fuges,* with him *MacCoy, Evans & Lewis,* for appellees.

OPINION BY WATKINS, J., September 15, 1966:

This is an appeal from the remand order of the Court of Common Pleas No. 6 of Philadelphia County, in a workmen's compensation case, by the claimant-appellant, Willie James Barber. The remand order held that the findings of the Board were not supported by sufficient legally competent evidence and directed the Board to find facts in accordance with the court's opinion.

The appellees, Fleming-Raugh, Inc., the employer, and Maryland Casualty Company, its insurance carrier, filed a motion to quash the appeal from the remand order as being interlocutory. Ordinarily this is so. *Wilk v. The Budd Company,* 174 Pa. Superior Ct. 108, 100 A. 2d 127 (1953). However, this Court has held that an order such as this, notwithstanding the remittitur, amounts to a judgment in favor of the appellees. *Strickland v. Baugh & Sons Company,* 139 Pa. Superior Ct. 273, 11 A. 2d 547 (1940); *Rozauski v. Glen Alden Coal Co.,* 165 Pa. Superior Ct. 460, 69 A. 2d 192 (1949). The Court of Common Pleas does not have authority, in a workmen's compensation case, to remand a proceeding to the Board with instructions to find facts in accordance with the opinion of the court. Such an order is erroneous as a matter of law and appealable. *Messikomer v. Baldwin Loco. Works,* 178 Pa. Superior Ct. 537, 115 A. 2d 853 (1955). The motion to quash is dismissed.

This case has had an eventful history. It began with the Referee refusing benefits. On appeal, the Board reversed but remanded to the Referee for findings and conclusions in accord with its decision and for the further purpose of determining medical and hospital expenses. The appellees appealed to the Court of Common Pleas No. 6 of Philadelphia County. After the filing of this appeal a stipulation was made as to medical and hospital costs. The Referee then made his findings and conclusions and awarded benefits. The appellees appealed to the Board which affirmed the Referee. The appellees again appealed to the Court of Common Pleas No. 6 of Philadelphia County. The remand order followed and then this appeal by the claimant.

The claimant was 37 years of age at the time of the hearing and was employed by the appellees, a building contractor, as a manual laborer, since March of 1959.

From that day he was continuously so employed until his accident on August 8, 1960. On that date he was lifting roofing tar that was folded into rolls. These rolls were four feet long and four feet wide. Each roll weighed between 150 to 175 lbs. While lifting such a roll, he heard his back "pop" and pain went through his left leg. He was taken from the site to Temple University Hospital. He was hospitalized and remained there until August 22, 1960, with a diagnosis of low back pain and possible herniated disc. He continued treatment without relief. He tried returning to work but in October began out-patient treatment at Philadelphia General Hospital. He was hospitalized from December 27, 1960, until January 23, 1961. A laminectomy was performed for removal of a herniated disc between L-5 and S-1. The operation was not successful. He was re-admitted to the hospital on September 12, 1961, and was a patient until October 6, 1961. He was again hospitalized from October 31, 1961, to December 7, 1961, during which time a spinal fusion was performed. He was placed in a plaster cast which he wore for four months. After that he was fitted with a back brace. He was again hospitalized on March 6, 1962. On February 15, 1963, he was once again hospitalized for a second spinal fusion. He continues to be totally disabled.

The pertinent finding of facts affirmed by the Board are as follows:

"4. That in compliance with the Board's directions, the Referee finds as a fact that the claimant, Willie James Barber, while lifting rolls of tar, each roll being about four feet long and weighing between 150 and 175 lbs. in the regular course of his employment with the defendant, on August 8, 1960, overexerted himself and this overexertion was the primary cause of his present disability. He is therefore entitled to award of compensation benefits.

"6. That in compliance with the opinion of the Board, the Referee finds as a fact that during the period of time the claimant was unemployed, it was due to his condition of total disability resulting from the accident."

And the following pertinent conclusion of law:

"The Referee further concludes as a matter of law that the events described in Findings of Fact No. 4 constitute an accident within the provisions of the Pennsylvania Workmen's Compensation Act."

Where the accident lies in the work, as opposed to the injury, it has been said that there must be either "unusual work" or usual work in an unusual manner. *Query v. Alleg. Pgh. Coal Co.*, 141 Pa. Superior Ct. 517, 15 A. 2d 564 (1940). Where the lifting is held to be unusual it generally involves a heavy object. In *Durga v. Williams*, 89 Pa. Superior Ct. 156 (1926), the claimant lifted a scoop weighing 200 lbs. which ordinarily would require two men to lift. The medical testimony was that death was due to the exertion. It was held that the death was the result of undue exertion of lifting the scoop into place.

It cannot be said that lifting tar rolls of the size and weight described, unassisted, was ordinary, usual or routine labor. As the Board said: "There was a substantial deviation from the Claimant's usual duties on that day. We find as a fact that his employment with the Defendant on August 8, 1960, required a materially greater amount of exertion than that to which he was ordinarily subjected." In *Sosna v. Ford Motor Co.*, 192 Pa. Superior Ct. 456, at page 460, 161 A. 2d 657 (1960), this Court said: "An injury is compensable where the work in which an employe was engaged at the time of the occurrence was of a different nature and required a materially greater amount of exertion, risk or exposure than that to which he was ordinarily subjected."

In the instant case the claimant was asked: "Q. Had you ever lifted this tar before? A. No, I hadn't lifted it. Generally we have help on the job. That morning we did not, he did not come, and I had all the work to do myself . . .". Inferences could be drawn and were drawn from this testimony that the lifting of the heavy rolls was not his ordinary, usual or routine labor and that two men generally would do it.

In workmen's compensation cases the courts may not weigh the evidence or decide what inferences should be drawn therefrom, nor make additional findings, change or correct the findings, or substitute its own findings. 42 P.L.E. §438. The question for the reviewing Court is whether there is competent evidence to support the findings of fact involved. *Downing v. Leechburg Min. Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857 (1961). "The compensation authorities may make findings of fact from direct proof, circumstantial evidence, or by inference . . .". *Falls v. Tenn. Furn. Co.*, 122 Pa. Superior Ct. 550, 555, 186 A. 272 (1936). The evidence and the inferences must be viewed in the light most favorable to the claimant and it is the exclusive province of the Board to weigh the evidence and to accept or reject the testimony of a witness. *Meehan v. Philadelphia*, 182 Pa. Superior Ct. 161, 126 A. 2d 488 (1956).

There is no conflict in the medical testimony in this case to the effect that the claimant is disabled from doing any kind of physical work as a result of the failure of the spinal fusion, i.e., pseudoarthrosis of the lumbosacral spine, has disabled the claimant. There is conflict as to causation. The credibility of medical witnesses and the weight of their testimony are matters for the Board. *McCann v. Cross Brothers Meat Packers, Inc.*, 205 Pa. Superior Ct. 255, 208 A. 2d 887 (1965). Here, where the disability is so immediate, direct and persuasive—"my back popped and I couldn't straight up, pains went through my leg"—and the

injuries are naturally and probably the result of the lifting accident, the Board is not required to depend alone upon the medical testimony to find causal connection. *McCleary v. Pa. Electric Co.,* 184 Pa. Superior Ct. 185, 132 A. 2d 389 (1957) ; *Munns v. Easthome Furn. Ind., Inc.,* 193 Pa. Superior Ct. 61, 164 A. 2d 30 (1960).

Dr. Klinghoffer, an orthopedic surgeon, testified that the necessity for the herniated disc operation and the spinal fusions, which resulted in the disability, was the result of the overexertion of the claimant in lifting the tar roll when his back "popped". The Board found Dr. Klinghoffer's testimony was "clear, convincing, persuasive and credible. In his testimony, the causal relationship between the over-exertion and the injuries which the Claimant now has, is definitely established." The doctor stated unequivocally when asked for his opinion, as follows: "Having begun at the time, pseudoarthrosis is not the result of the incident, but the result of something that occurred as a result of the incident. The pain problem is the pseudoarthrosis which is the result of an unsuccessful attempted spinal fusion which was performed because of the incident in August of 1960."

We have decided that the Board properly concluded as a matter of law that the extraordinary exertion that resulted in the back injury constituted an accident. However, if, arguendo, the facts upon which this conclusion is based were not supported by competent evidence, the claimant is still entitled to an award under the theory of unusual pathological result.

There may be a compensable accident where an employee is performing his usual work when an unexpected and unusual pathological result occurs. In such a case the accident resides in the extraordinary exercise of the effect rather than the cause. As Judge WRIGHT said in *Wance v. Gettig Eng. & Mfg. Co. Inc.,*

204 Pa. Superior Ct. 297, at page 300, 204 A. 2d 492 (1964) : "However, the law is well settled that the factor which is unexpected may lie either in the circumstances causing the injury or in the nature of the injury itself :". In the *Wance* case, supra, the claimant was employed as the operator of a sewing machine and experienced pain in the right knee. The knee swelled and was diagnosed by an orthopedist as a torn medial cartilage in the knee and surgery was performed. She was a normal, healthy woman, with no prior trouble and it was held that it was the unusual pathological result of the continuous peddling of her sewing machine, and a compensable accident.

In the instant case our claimant was a healthy, normal workman with no prior history of accident, disease or ailment of any kind. He was lifting heavy rolls when he heard his back "pop" and suffered pain in the lower back. The subsequent operations to repair the back damage failed so that he is totally and permanently disabled as a result of pseudoarthrosis caused by the lifting incident on August 8, 1960. We find that in this case, even if the claimant were performing his usual work, that his disability was the occurrence of an unusual and unexpected pathological result, a compensable accident.

The Order of the court below is reversed and the record is remitted to the court below with direction to enter judgment in accordance with the award.

WRIGHT, J., concurs solely on the unusual pathological result doctrine.